## THE PEOPLE v. JOSEPH LEWIS.

(238 N. Y. 1.)

(1) MANSLAUGHTER IN FIRST DEGREE—WHEN TESTIMONY OF ALLEGED STATEMENTS OF DECEDENT NOT ADMISSIBLE AS PART OF RES GESTAE.

Alleged statements by the decedent, constituting a narrative of what had occurred, rather than an exclamatory utterance, made after a

lapse of time and under circumstances which in no wise exclude the idea of fabrication and which were not the impulsive and instinctive outcome of the occurrence which caused the injuries, are clearly not admissible as part of the *res gestæ* upon the tria lof an indictment for manslaughter in the first degree.

(2) SAME—NOT ADMISSIBLE THOUGH MADE IN DEFENDANT'S PRESENCE IF IN LANGUAGE WHICH HE DID NOT UNDERSTAND.

Nor are such statements admissible because alleged to have been made in the defendant's presence where it appears that they were made in a language which defendant did not understand.

(3) SAME—WHEN SILENCE OF ACCUSED IN FACE OF ACCUSATION DOES NOT CONSTITUTE ADMISSION.

A contention that here and there in the record may be found indications that the defendant did understand some German and that the court and jury were not required to accept as true the testimony that he did not understand that language requires no serious consideration where the judge charged the jury that "it is fairly well established here that the defendant doesn't understand German, generally speaking. * * * Now I simply want to call your attention to that fact so that you will not misjudge the defendant's attitude in that regard, because he didn't deny it; he couldn't because he didn't understand the accusation." The judge's charge constitutes the law of the case and thereunder the jury was not permitted to find that the silence of the defendant in the face of the accusation constituted an admission.

(4) SAME—WHEN ADMISSION OF TESTIMONY OF STATEMENTS OF DECEDENT CONSTITUTES PREJUDICIAL ERROR.

The erroneous admission of such statements was decidedly prejudicial even though other testimony of somewhat similar kind was admitted without objection where the reliability of the other witnesses appeared to be doubtful and there were many contradictions in their testimony.

(5) SAME—ERRONEOUS REFUSAL TO CHARGE.

It was error for the trial justice to refuse defendant's request to charge that the jury should disregard entirely any statements supposed to have been made by decedent in German.

People v. Lewis, 208 App. Div. 715, reversed.

(Argued February 24, 1924; decided April 1, 1924.)


APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 10, 1923, which affirmed a judgment of the Erie county court rendered upon a verdict convicting the defendant of the crime of manslaughter in the first degree.

*Franklin R. Brown* for appellant. The court committed material errors in its charge. (People v. Heineman, 211 N. Y. 475; People v. Odell, 230 N. Y. 481; People v. Montesanto, 236 N. Y. 396.) The court erred in admitting testimony of declarations of deceased. (People v. Koerner, 154 N. Y. 355; Greener v. General Electric Co., 209 N. Y. 135; People v. Smith, 172 N. Y. 210; Carroll v. Knickerbocker Ice Co., 218 N. Y. 435; People v. Carzano, 212 N. Y. 231.)

*Guy B. Moore, District Attorney (John J. Kane* of counsel), for respondent. The defendant had a fair trial and no error affecting his substantial rights was committed by the court in its charge to the jury. (People v. Odell, 230 N. Y. 481; People v. Sisto, 174 App. Div. 532; People v. Sarzano, 212 N. Y. 231; People v. Mills, 98 N. Y. 176; People v. Laudiero, 192 N. Y. 304.) The court committed no error in admitting the testimony complained of by appellant. (Code Crim. Pro. § 542.)

LEHMAN, J.:

Prior to September, 1922, the defendant occupied an apartment with Louisa Lewis who had lived with him for ten years as his wife. Her mother and sister lived with him in the same apartment. On the evening of September 10, 1922, Mrs. Lewis and her sister went to a moving picture theatre leaving their mother, Katherine Weiland, who was eighty-six years of age, alone in the apartment. When they returned from the theatre they found that their mother had, during their absence, sustained injuries, consisting of a wound above the left eye, a fracture of the left hip and various contusions and discolorations on her face and body. Mrs. Weiland died as a result of these injuries and the shock accompanying them on September 28. It was claimed that the defendant assaulted this old woman and thereby caused her death, and he was indicted and convicted on the charge of manslaughter in the first degree.

No witness saw the defendant assault Mrs. Weiland or was present when she sustained her injuries. She was alone in the apartment when her daughters left her early in the evening and she had sustained her injuries before any person except the defendant entered the apartment. The defendant had concededly come to the apartment before Mrs. Weiland was injured, but he claims that she sustained the injuries by falling and in view of the nature of the injuries and the great age of the deceased, the fact that the defendant was at the time alone with her in the apartment does not, standing alone, reasonably lead to the inference that the injuries were the result of an assault by the defendant rather than the result of an accidental fall. The only testimony which connects the defendant with those injuries consists of alleged admissions by the defendant that he " knocked down " the deceased and alleged statements by the deceased, after the injuries were sustained, that they were caused by an assault upon her by the defendant.

Upon this appeal there are no exceptions which call for consideration by this court of the sufficiency of the evidence to sustain the conviction. The exceptions in the record bring up for review only the competency of the testimony in regard to certain statements made by the deceased as to the manner in which she sustained the injuries, and the correctness of the court's refusal to charge that the jury should disregard such testimony. The daughters of the deceased testified that after they returned home the defendant admitted that he had knocked down the deceased and the deceased stated to them in the presence of the defendant that the defendant had " knocked her down, kicked and stepped on her." This testimony was admitted without objection; in fact it was elicited, in large part, by questions put to these witnesses by the defendant's attorney on cross-examination. Thereafter a grandson of the deceased was called as a witness for the prosecution. He testified that in the course of the evening the defendant had come

to his house in some excitement and stated that he had " knocked down " the deceased. They went together to the defendant's home, and he there had a conversation with the deceased. This conversation was in German and, according to the testimony of this witness, the defendant could not understand German. The defendant thereupon objected to any testimony of what the deceased had said in German, and this objection was overruled on the ground that it was " part of the *res gestæ."* The witness then testified that the deceased had told him that the defendant " had cut her with a knife."

These alleged statements by the decedent constituted a narrative of what had occurred, rather than an exclamatory utterance, and they were made after a lapse of time and under circumstances which in no wise exclude the idea of fabrication. They were not the implusive and instinctive outcome of the occurrence which caused the injuries and they were, therefore, clearly not admissible as part of the *res gestæ.* (People v. Del Vermo, 192 N. Y. 470; Greener v. General Electric Co., 209 N. Y. 135; People v. Sprague, 217 N. Y. 373; People v. Custis, 225 N. Y. 519.) It is urged, however, that they were admissible because alleged to have been made in the defendant's presence. Even though made in the defendant's presence they would not be competent evidnce or have any probative force unless they were made under circumstances where the defendant's silence under the accusation might be regarded as an admission of its truth, but obviously the defendant's silence could constitute no admission if the accusation was made in a language he did not understand and if he did not know that he was being accused.

The People's contention that here and there in the record may be found indications that the defendant did understand some German and that the court and jury were not required to accept as true the testimony that he did not understand that language, requires no serious consideration; for the judge

18

charged the jury that "it is fairly well established here that the defendant doesn't understand German, generally speaking. * * * Now I simply want to call your attention to that fact so that you will not misjudge the defendant's attitude in that regard, because he didn't deny it; he couldn't because he didn't understand the accusation." The judge's charge constitutes the law of the case. Under that charge the jury was not permitted to find that the silence of the defendant in the face of the accusation constituted an admission; the testimony of the accusation itself was, therefore, incompetent and the objection to it should have been sustained. In spite of the fact that other testimony of somewhat similar kind was admitted without objection, this error was decidedly prejudicial in view of the very doubtful reliability of the earlier witnesses and the many contradictions in their testimony.

Moreover, the defendant was entitled to the charge which he requested to the effect that the jury "should disregard any statements supposed to have been made by Mrs. Weiland in German, they are to disregard them entirely." This request was intended to apply to all the testimony in regard to statements by Mrs. Weiland including the testimony elicited by the defendant or introduced without objection from him, and the correctness of the request must be judged accordingly. The trial judge had already charged that the silence of the defendant under the accusations made in German could not be considered as an admission of guilt and even the respondent does not argue that upon any other theory they had probative force upon any issue submitted to the jury. The defendant promptly objected to the introduction of such testimony when the prosecution offered it as evidence to prove that the injuries occurred in the manner asserted by the injured person. The earlier evidence as to what Mrs. Weiland had said was introduced not to show that the injuries occurred in the manner asserted but only as having some possible bearing upon the probability of the defendant having admitted in express words to the wit-

nesses that he had " knocked down " their mother.    For this purpose, especially· on cross-examination, the evidence might have been competent but when admitted it proved quite immaterial upon that question.    Objections to the competency of evidence may sometimes be waived, but evidence introduced without objection for a particular purpose is not thereby conceded to have probative force upon all issues, and a failure to object to the introduction of such testimony is not a waiver of objection to its competency for other purposes.    (Stronge v. Knights of Pythias, 189 N. Y. 346.)    The trial justice, therefore, erred in refusing the defendant's request to charge.

The judgment of conviction should be reversed and a new trial ordered.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment of conviction reversed, etc.