Argued February 29, affirmed March 20, 1928.

# A. E. DAVIS *v.* BUSH & LANE PIANO CO.

### (265 Pac. 417.)

**Appeal and Error—Where Evidence Sufficiently Showed Plaintiff's Performance of Contracts, Jury's Verdict for Plaintiff was Conclusive.**

1. Where, in action to recover for labor and materials furnished in repairing store building, evidence sufficiently showed performance of conditions of contracts, issue of plaintiff's right to recover was for jury, and defendant was bound by jury's verdict for plaintiff.

**Trial—Refusal of Requested Instructions Covering Matters not in Issue and not Concerning Any Issues Submitted is not Error.**

2. Assignments of error based on refusal of instructions in respect to matters not in issue under pleadings, and not concerning any questions submitted to jury, do not involve error.

**Principal and Agent—Contract for Repair of Building, Referring to Architect's Plans and Specifications and Requiring Contractor to Co-operate With Architect, Held not to Limit Architect's Authority.**

3. Where contract for repair of building recited that plans and specifications had been prepared by architect and that contractor was required to co-operate with architect in furthering owner's interests, architect's powers and authority were not limited by terms of such contract.

**Principal and Agent—Architect is Generally Agent of His Employer for Purpose of Making Drawings and Superintending Construction.**

4. As a general rule, architect is agent of his employer for purpose of making drawings for building and superintending the construction work, and limits of his authority must be ascertained from specific contract in each case.

**Principal and Agent—Whether Architect Supervised Alterations and Repairs With Owner's Consent Held Fact Question for Jury.**

5. In action to recover for labor and materials furnished under contract for repair and alteration of store building, whether work was done under supervision of architect with owner's acquiescence and consent *held* a question of fact for jury.

2.   See 14 R. C. L. 784.
4.   See 2 R. C. L. 399.

**Principal and Agent—Instruction Binding Owner for Agent's Acts Within Apparent Scope of Authority Held Proper, in Action for Work and Materials, Where Owner Permitted Architect to Supervise Work.**

6.   Where owner of building knew that architect was supervising alterations and repair work, and permitted him to do so without any objection or without calling contractor's attention to architect's alleged lack of authority, instruction that owner was bound by acts of agent within apparent scope of authority *held* proper, in contractor's action against owner for work and materials furnished in repairing building.

**Contracts—Authorized Certificate of Architect Held Admissible in Contractor's Action for Labor and Material Furnished.**

7.   Where evidence showed that architect had authority to issue certificate, admission in evidence of architect's certificate in contractor's action for labor and material furnished in repairing store building *held* not error.

**Appeal and Error—Appellant cannot Complain of Error in Instructions Favorable to Him.**

8.   Appellant cannot complain that court's instructions were erroneous, where error committed was in his favor.

---

Appeal and Error, 4 C. J., p. 852, n. 57, p. 918, n. 42.
Architects, 5 C. J., p. 256, n. 14, p. 258, n. 33.
Building and Construction Contracts, 9 C. J., p. 877, n. 57, p. 888, n. 24, p. 891, n. 37.
Trial, 38 Cyc., p. 1558, n. 26, p. 1578, n. 40, p. 1615, n. 22.

From Multnomah: Walter H. Evans, Judge.

Department 1.

This is an action to recover for labor and materials furnished by plaintiff in the repair and alteration of a store building on Morrison Street in the City of Portland. The complaint sets forth two causes of action, one for material and labor furnished under a written contract, the other under an oral contract. The answer admits that both of said contracts were entered into by plaintiff and defendant. The cause was tried to a jury and plaintiff had verdict

---

6.   See 21 R. C. L. 930.
8.   See 2 R. C. L. 237.

and judgment for the amount prayed for in the complaint.   Defendant appealed.

Under the terms of the written contract, plaintiff contracted to furnish ''all the labor and materials and to do all things necessary for the proper construction and completion of the work,'' according to certain plans and specifications which were attached to the contract and it was stipulated ''that the cost of said work shall not exceed three thousand dollars,'' and that upon performance of the contract, defendant would pay ''the actual total cost of all labor and materials entering the work, plus a fee of four hundred and fifty dollars,'' and that, if the work was completed for less than the specified cost, ''to pay the contractor twenty-five per cent (25%) of the difference between the specified cost and the actual cost.''   Also, the defendant would pay ''on completion and acceptance of the work, fifty per cent (50%) of the combined fixed cost and fee, and balance thirty-one (31) days thereafter.''

Under the oral contract plaintiff contracted to furnish materials and labor in making other additions and alterations which were not referred to in the plans and specifications attached to the written contract, for which it was stipulated that he should be paid the actual cost thereof plus 10 per cent.   The complaint alleges that plaintiff completely performed said written contract at an actual cost and expense of $2,758.29 and that, upon such performance, he became entitled under the terms of the contract to be paid the sum of $2,758.29 plus the stipulated sum of $450 and one fourth of the difference between the said actual and specified costs of which $2,000 only has been paid.   The complaint also alleges that the rea-

sonable value and actual cost of the labor and materials furnished by plaintiff under the oral contract was the sum of $2,731.89, which, together with the stipulated 10 per cent thereof, amounted to $3,005.07, no part of which has been paid. The complaint demands judgment for said sums with interest thereon at 6 per cent per annum from March 20, 1925, the date on which, it is alleged, all of said sums became due and payable.

So far as material to the questions involved upon this appeal, other facts and matters in issue will be referred to later. There are numerous assignments of error, but as provided by Rule 12 of this court only those discussed by defendant in its brief will be considered here.                                        AFFIRMED.

For appellant there was a brief over the names of *Mr. Johnston Wilson* and *Mr. Charles E. Congleton,* with an oral argument by *Mr. Elton Watkins.*

For respondent there was a brief over the name of *Messrs. Wilbur, Beckett, Howell & Oppenheimer,* with an oral argument by *Mr. E. K. Oppenheimer.*

RAND, C. J.—1. The complaint alleges that the plaintiff has duly performed, on his part, all the conditions of both of said contracts. This was denied by the answer. Upon this issue plaintiff was bound to establish upon the trial the facts showing such performance upon his part. There was, however, sufficient evidence tending to show a complete performance by plaintiff of all of the conditions of both of said contracts and, therefore, upon this issue defendant is concluded by the verdict. This also disposes of the contention that the court erred in refusing to

sustain defendant's motions for a nonsuit and for a directed verdict.

2. Many of the assignments of error are based upon the refusal of the court to give certain instructions requested by defendant in respect to matters which were not in issue under the pleadings and which did not concern any question upon which the jury should have been called upon to pass, and hence no consideration of such assignments will be given.

3. One of the instructions requested was to the effect that the powers and authority of the architect were limited by the terms of the agreement under which the work was done. The court properly refused to give that instruction. The contract under which the work was done and by the terms of which defendant contends that the powers and authority of the architect are to be measured was not entered into by the architect. He was not a party to that contract. It contained no provision in respect to his powers and authority, nor was it intended in any way to limit or define them. It contained no notice to plaintiff of what powers or authority the architect possessed. Whatever his powers and authority were they were created and defined by the contract between the defendant and the architect and to that contract plaintiff was not a party and, so far as the evidence shows, he had no knowledge of its terms.

The contract between plaintiff and defendant merely recited that "the said documents (referring to the plans and specifications) have been prepared by Ronald H. Hopkins, therein and hereinafter called the architect," and that the contractor, referring to the plaintiff, "covenants with the owner (referring to the defendant) to furnish his best skill and judgment

and to co-operate with the architect in forwarding the interests of the owner." This alone is the only reference contained in the contract which in terms provided that "the said drawings and specifications, together with this agreement, constitute a contract."

4, 5. As a general rule the architect is the agent of his employer for the purpose of making drawings and superintending the works. "His authority in this behalf arises from his appointment in the capacity of architect, for the functions of an architect are well known, but limits of his authority must be ascertained in each case from the specific contract under which he is employed." Hudson on Building Contracts (5 ed.), § 2. While it is true that plaintiff alleged that the work was done under the supervision of the architect and this allegation was denied in the answer, and there was some dispute in the evidence as to whether the architect did supervise the work, the preponderance of the evidence clearly showed not only that the architect did supervise the work but also that such supervision was known to the defendant, was acquiesced in and consented to by the officers of the defendant. This question, therefore, it being one of fact and not of law, was settled by the verdict.

6. The court instructed the jury as follows:

" * * that the defendant is bound by the acts of his agent, within the apparent authority conferred upon such agent. The liability of a principal is not limited to such acts of the agent as are expressly authorized or necessarily implied from express authority. All such acts of the agent as are within the apparent scope of authority conferred on him are also binding upon the principal, apparent authority being that which, though not actually granted, the principals knowingly permit the agent to exercise, or which he holds him, the agent, out to possess."

The giving of this instruction is also assigned as error. The evidence clearly showed that, while the plaintiff was engaged in carrying on the work, the architect supervised it; that the defendant, through its agents, was present at times while the work was being performed and knew that the architect was supervising the work. With such knowledge upon its part, it permitted him to do so without making any objection or calling the attention of the plaintiff to any alleged lack of authority upon the part of the architect. By these acts of defendant's agents, defendant held out to plaintiff that it had clothed the architect as its agent with apparent authority to supervise the work and under such circumstances the instruction given was proper.

7, 8. Upon completion of the work, the architect issued and delivered to the plaintiff a certificate, reciting that the contracts had been performed and stating the amount payable to plaintiff thereunder. This certificate was introduced in evidence over the objection and exception of defendant. Its admission in evidence is now assigned as error. There was nothing in the evidence to show that the architect did not have authority to issue this certificate. On the contrary, the evidence showed that he did have such authority. The court later instructed the jury to the effect that the jury was not to consider the certificate as evidence of the amount due and that the jury was to find the amount due from other evidence in the case. We think that, under the evidence offered in the case, the court's instructions went too far in favor of the defendant, but as to this defendant cannot complain.

We have examined into the other assignments of error and are unable to find any reversible error in respect to any of them. The judgment appealed from is, therefore, affirmed.    Affirmed.

Coshow, McBride and Rossman, JJ., concur.