■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE MICHAEL RUOCCO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH PATTY MARSALA, Appellant.— Appeal by defendants Ruocco and Marsala: (1) from a judgment of the County Court, Orange County, rendered January 14, 1957, convicting and sentencing them for the crime of manslaughter in the first degree, after a joint jury trial upon an indictment charging them with the commission in concert of the crime of murder in the first degree; and (2) from each and every intermediate order made in the action. Judgment reversed on the law and the facts, and new trial ordered. No separate appeal lies from the intermediate orders which have been reviewed on the appeal from the judgment. It was error to admit into evidence the alleged confessions of defendants made during the periods of their respective arrests and arraignments as defendants. In our opinion it was against the weight of the evidence to find that said confessions were voluntarily made (*Spano* v. *New York,* 360 U. S. 315; *Malinski* v. *New York,* 324 U. S. 401; *People* v. *Barbato,* 254 N. Y. 170; *People* v. *Weiner,* 248 N. Y. 118). Although the People have recognized and treated the claim of coercion as to both defendants, no attempt has been made to explain their amply demonstrated injuries. As to the defendant Marsala: He was arrested at about 8:30 A.M. on August 5, 1955 in Kings County. He was not informed of the charge laid against him nor allowed to communicate with anyone. Without arraignment, he was taken outside the City of New York, to the Hawthorne barracks of the State Police, a distance of about 40 miles. Arriving there at 10:00 A.M. he was held incommunicado until his arraignment as a defendant in the late afternoon of August 9, (save for an arraignment as a material witness in the evening of August 6), when he was formally told that he could have an adjournment to procure counsel. Concededly, at the barracks he was questioned persistently throughout the afternoon and night of his arrest and into the early hours of the following morning. As part of such interrogation process he was

taken into a basement room, known as the recreation room, and into the midst of a number of policemen. His testimony as to the beatings he received was corroborated by his obvious black eye and by a number of witnesses, to wit; a jail physician, two clergymen and an attorney, as well as jail inmates and his wife who testified as to the multiple bruises and ecchymoses about his body. As to the defendant Ruocco, the same pattern of arrest, prolonged interrogation and beatings was presented. He was taken out of New York City and brought to the same barracks on the evening of August 8, and held incommunicado without arraignment for 24 hours. We do not pass upon the credibility of the public officials who testified that they did not see any evidence of beatings administered to the defendants. Nolan, P. J., Ughetta, Christ and Brennan, JJ., concur; Beldock, J., dissents and votes to affirm on the ground that the admissibility of the confessions presented issues of fact which were properly submitted to the jury. In my opinion, the findings of the jury on these issues, implicit in their verdict, are supported by the proof and the fair inferences therefrom.