Argued October 4, affirmed October 19, petition for rehearing
denied November 4, 1960

# STATE OF OREGON *v.* LIBBEY

356 P. 2d 161

*Howard R. Lonergan,* Portland, argued the cause for appellant. With him on the briefs was Fred Jensen, Portland.

*Julian Herndon,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was Charles E. Raymond, District Attorney, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and KING, Justices.

KING, J. (Pro Tempore)

This is an appeal by the defendant, Jerry Libbey, after being convicted by the jury of the crime of re-

ceiving stolen property and being sentenced to the Oregon State Penitentiary for a maximum period of three years. The defendant was tried and convicted in the circuit court of Multnomah county, Oregon, on an indictment which reads as follows:

"JERRY LIBBEY is accused by the Grand Jury of the County of Multnomah and State of Oregon, by this indictment of the crime of BUYING, RECEIVING AND CONCEALING STOLEN PROPERTY committed as follows:

"The said JERRY LIBBEY on the 13th day of December, A.D. 1958, in the County of Multnomah and State of Oregon, then and there being, did then and there unlawfully and feloniously buy, receive and conceal certain personal property, to-wit: One RCA stereophonic record player, one RCA 17-inch portable television set, two small RCA record players and one check protector, all the personal property of Walter E. Russell, and which said property had been lately before unlawfully and feloniously taken, stolen and carried away by certain evil disposed persons in the county and state aforesaid, he, the said JERRY LIBBEY, then and there well knowing and having good reason to believe the said personal property to have been stolen, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

The indictment charged the defendant with buying, receiving and concealing five different pieces of stolen property. The state offered proof as to only four of these articles and now concedes that there was no proof of defendant receiving the fifth stolen article. The court, at least once in its instructions, told the jury it was necessary for them to find from the evidence, beyond a reasonable doubt, that the defendant received all the stolen articles charged in the indictment.

The defendant claims that a verdict of guilty, based on such evidence and under that instruction of the court, cannot stand because such a verdict is contrary to the instructions of the court.

At the outset we will point out that this court is somewhat handicapped, as neither party saw fit to have the testimony and proceedings transcribed and presented to this court, and we are limited in our knowledge of the proceedings to the five-page bill of exceptions.

The defendant alleges three assignments of error to sustain his claims on this appeal. The first assignment of error is:

"The court erred in denying the motion for directed verdict."

The record before us does not set out the motion nor the grounds on which it was based. The bill of exceptions states that it was made at the close of the entire case. We will assume that it was made at the proper time at the close of the taking of testimony.

■ From the record before us, we cannot say that there was such a lack of proof to warrant the granting of a directed verdict. The bill of exceptions itself says:

"The plaintiff offered evidence in support of all the allegations of the indictment except the allegation that the defendant did buy, receive and conceal two small RCA record players, the personal property of Walter E. Russell and stolen from said Walter E. Russell."

■ At that stage of the case, at least so far as the record shows, both parties had the right to assume that the court would instruct properly on the law of

the case. The correct law on that part of the case follows.

76 CJS 30, Receiving Stolen Goods § 16, says:

"Where the indictment charges the receipt of several articles, proof of the receipt of one or some of them is sufficient to support a conviction."

*State v. Kelliher,* 32 Or 240, 50 P 532; *State v. Mullenax,* 124 W Va 243, 20 SE2d 901.

The trial court properly denied the defendant's motion for a directed verdict.

Assignment of error No. 2 says:

"The court erred in denying the motion for a new trial."

This motion for new trial was based on the ground of insufficiency of the evidence to justify the verdict or that it was against the law.

Assignment of error No. 3 is:

"The record will not support the judgment."

The defendant concedes in his brief that the second and third assignments of error raise the same question of law and combines them for brevity; we will do the same.

During the instructions to the jury the trial court used these words:

"* * * you must be convinced beyond a reasonably [sic] doubt the defendant purchased, received and concealed *all* of the articles listed in the indictment which I have just mentioned to you * * *." (Emphasis added.)

As before mentioned, this was not a proper nor necessary instruction. In this case it would have

been sufficient for the state to prove that one or more of the articles listed were received by the defendant, together with the other elements of the crime, in order to convict. The lower court, inadvertently or otherwise, said the state had to prove receiving all five of the articles.

The defendant strongly urges that this error was fatal, on the basis that the trial court's instructions, right or wrong, constitute the law of the case and must be followed by the jury; that it is reversible error to not follow the instructions; and he cites the following cases. *Stager v. Troy Laundry Co.,* 41 Or 141, 68 P 405; *State v. Daley,* 54 Or 514, 522, 103 P 502, 104 P 1; *Tou Velle v. Farm Bureau Co-op. Exchange,* 112 Or 476, 480, 229 P 83, 84, 229 P 1103; *Columbia Co. v. Ross Island Co.,* 145 Or 96, 108, 25 P2d 911, 915; *People v. Lewis,* 238 NY 1, 5, 143 NE 771, 772; *People v. Weiner,* 248 NY 118, 119, 161 NE 441, 442; ORS 17.510, 136.320, 136.330(2).

■ It is the general duty of the jury to decide the facts of the case, to apply the law as given by the court to the facts of the particular case and arrive at their verdict accordingly.

In this case the error in the court's instructions favored the defendant. They were instructed that it was necessary for the state to prove receiving all five of the stolen articles. Proof was offered of four of the articles. Proper proof of receiving one or more was all that was necessary. The jury applied the correct standard and rule of law, and it is difficult to see how the verdict, even though at variance with the court's instructions, could have or did prevent the defendant from having a fair trial.

The state was required to prove more than was necessary to convict the defendant. Had the jury found

the defendant not guilty by reason of failure to prove properly the receiving of the fifth article, the state could not have appealed. The instruction placed an additional burden on the state and was more favorable to the defendant than he was entitled to.

In the above cases cited by the defendant, the appealing party in the civil cases was prejudiced by the instruction, or the testimony did not sustain the verdict or was not in point. In the criminal case of *State v. Daley,* supra, the real question decided was whether the court was required in its instructions to the jury to inform them of the penalty part of the statute relating to the defense of insanity. The case does discuss generally the rule that the jury should take the law of the case from the court.

The rule seems well settled in Oregon, however, that where the error of the court favors the defendant, he does not have cause to complain on appeal. *State v. Fraser,* 105 Or 589, 597, 209 P 467; *Davis v. Bush & Lane Piano Co.,* 124 Or 585, 265 P 417; *Kerns v. Couch et al.,* 141 Or 147, 12 P2d 1011; *Bronkey v. Olsen,* 145 Or 662, 28 P2d 243; *State v. Cameron,* 165 Or 176, 106 P2d 563; *Sine v. Mehlhorn,* 168 Or 688, 126 P2d 853; *State v. Lanegan,* 192 Or 691, 704, 236 P2d 438.

24 CJS 1068, Criminal Law § 1939, provides as follows:

> "Accused cannot complain of error in instructions if the error operates in his favor. A familiar application of this principle occurs when the instructions given impose on the state a greater burden than the law requires for the purpose of sustaining a conviction * * *."

Many cases from a majority of the states are cited to sustain this rule. Among them are: *People v. Jack-*

*son,* 42 Cal2d 540, 268 P2d 6; *Spence v. State,* 7 Ga App 825, 68 SE 443; and *Thornton v. Dow,* 60 Wash 622, 111 P 899.

In the case at bar the error was pointed out to the court by the district attorney, and the court's reply, apparently in the presence of the jury, would indicate that it was made reasonably plain to the jury that the court used the words "all the articles" inadvertently. The statements are as follows:

"MR. HOWLETT: Could we clear one point up so they would be certain about it. In the indictment it alleges two portable RCA record players, and the proof was that only one was sold to the defendant, and that is all that is necessary.

"THE COURT: *Also* they have got in the indictment that he received some other property, a 17-inch television set and a stereophonic record player." (Emphasis added.)

■ So far as the record before us shows, no other effort was made by the district attorney to clarify further the instruction, and no effort whatsoever was made by the defendant in that regard and no exception taken. The defendant probably could not be expected to except to an instruction more favorable than he was entitled to, but for the reason above stated, we do not believe that he should be allowed to remain silent and then ask for a reversal when the verdict goes against him.

We hold that defendant's rights have not been prejudiced and that verdict of the jury and judgment thereon were proper.

■ This case could also have well been affirmed under the provisions of Oregon Constitution, Art VII, § 3.

Affirmed.