David L. Malbin, J.
The defendant was convicted of the crime of the possession of narcotics as a felony upon verdict rendered by a jury in Kings County. He was thereafter sentenced on July 18, 1963 to a term of three to five years to run concurrently with a sentence imposed by another Justice of this court on June 21, 1963. Judgment of conviction was unanimously affirmed by the Appellate Division, Second Department on November 2, 1964 (People v. D’Iorio, 22 A D 2d 853). The Court of Appeals on May 20, 1965 unanimously concurred in the following decision (16 N Y 2d 551, 552): “ Judgment modified to the extent of directing a hearing on the issue of voluntariness of the confession introduced as a part of the People’s case at the trial and, as so modified, affirmed. Case remitted to the Supreme Court, Kings County for such hearing (People v. Huntley, 15 N Y 2d 72). No opinion.”
The ease at bar was tried prior to the pronouncement of the United States Supreme Court in its “landmark” decision in the case of Jackson v. Denno (378 U. S. 368, decided June, 1964). The majority opinion read by Mr. Justice White in effect declared that the confession admitted in evidence against the accused violated the constitutional guarantee of due process of law and mandated that the defendant was entitled to an adequate, reliable and independent determination of the voluntariness of an alleged confession and that determination must be made by the Judge in a separate hearing and that the confession must be established to be voluntary beyond a reasonable doubt before it can be submitted to the jury for their consideration.
Following the Jackson case the New York State Court of Appeals in People v. Huntley (15 N Y 2d 72) adopted a set of rules to meet with the new requirement of a separate hearing as to the voluntariness of confessions. In light of the decisions rendered as aforesaid by the United States Supreme Court in the Jackson v. Denno case and by the New York State Court of Appeals in the Huntley case this defendant was deprived of a substantial constitutional right to a preliminary independent evidentiary hearing as to the issue of voluntariness of a confession.
The method heretofore followed in the New York State courts where the issue of voluntariness of a confession was involved, the trial court made a voluntary determination in the presence of the jury or in its absence. (People v. Bandazzio, 194 N. Y. 147.) “ If at the close of the preliminary hearing, the evidence established that a confession was involuntary as a matter of law, or if a verdict that it was freely made would have been *32 against the weight of evidence, the trial judge was required to exclude the confession. However, if the evidence presented a fair question of fact as to the voluntariness of the confession, the trial judge was required to receive the confession and leave to the jury, under proper instructions, the ultimate determination of the issue of voluntariness. People v. Weiner, 248 N. Y. 118, 161 N. E. 441; People v. Doran, 246 N. Y. 409, 159 N. E. 379; People v. White, 176 N. Y. 331, 68 N. E. 630. Prior to Jackson v. Denno (supra), this New York procedure was held not to violate due process. Stein v. New York, 346 U. S. 156, 97 L. Ed. 1522, 73 S. Ct. 1077; People v. Leyra, 302 N. Y. 353, 98 N. E. 2d 353.” (Richardson, Evidence [9th ed., Prince], § 334b, pp. 316, 317.)
This case having been remitted to this court, it was the obvious intention that there should be an immediate compliance with the Court of Appeals mandate to conduct a hearing on the issue of voluntariness of the confession introduced as evidence as part of the State’s case. Mention should be made because of the unusual delay in proceeding with the hearing. It appears that the defendant was critically wounded on June 1, 1961 at which time he was removed to the hospital and required an immediate emergency operation and was attended by four doctors during this critical period. It is noteworthy and deserving comment that Mr. Albert De Meo, an Assistant District Attorney on the staff of the prosecutor’s office of Kings County made an extensive search and diligently made great efforts to ascertain the location of the doctors who could shed some light on the condition of the defendant during the crucial period attending the circumstances of the making of the confession. It was learned that two of the doctors had returned to foreign countries from which they had been exchanged. Information as to the whereabouts of the two other doctors did not result in any definite knowledge as to their present location. However, the District Attorney was able to present and make available to the defendant a witness named Dr. Norman Gar and, the chief of surgery at the Coney Island Hospital during the period that the defendant was a patient there. Very graciously this witness made an extensive study of the medical record and aided the court to a very great extent in appearing as a witness in the interest of justice.
Pursuant to the directive of the Court of Appeals to hold a hearing on the issue of voluntariness of the confession herein-before referred to, the court conducted a full independent and evidentiary hearing. The People offered the trial record and the medical charts from the Coney Island Hospital which were *33 received as exhibits in the hearing. The defense called Dr. Norman Garand who testified to a well-qualified background of his association with several of the hospitals of this city foi the past 25 years. He stated that the defendant was admitted to the Coney Island Hospital at about 6:30 p.m. on June 1, 1961 suffering from two bullet wounds; that he was given preoperative treatment and taken to the operating room; that an examination indicated that the defendant was suffering from two lacerations of the small bowel and the large bowel and laceration of the spleen and of the stomach; that the patient was given intravenous fluids and oxygen, tetanus and anti-tetanus gangrene serum. He was also given demerol and atropine ; that during the operation he received 250 cubic centimeters of blood; that his condition was such that he lost about 2000 cubic centimeters of blood which indicated that the defendant patient was gravely hurt. The doctor further testified that in a situation such as was present, the operation took about four hours, required a team of four doctors and that the patient lost about 2000 cubic centimeters of blood and received at various times both preoperatively and postoperatively various amounts of demerol, thorozine and atropine; the doctor stated it was his opinion that this condition might affect the power or the ability to resist a questioner. A person under such circumstances might make answer “to get rid of the questioner.” The doctor further stated that if he had been present during the time that this defendant was being operated upon and returned to the recovery room he would have given orders that no police officer should be allowed to go into the recovery room to question the defendant. It was the doctor’s conclusory opinion based on his experience of 25 years as a doctor and a surgeon that this defendant, under the conditions that the medical reports indicate, was in such a physical and mental condition that it affected his ability to resist any interrogation or to comprehend what was going on at this critical period following the operation. During the suppressional hearing the record discloses that the cross-examination by defense counsel was devoted principally to the issue of the illegality of the search and seizure of the alleged contraband. Obviously that phase of the case having been reviewed by the Court of Appeals (supra), is not an issue in this hearing. The confession imputed to the defendant is alleged to have been made by him to Detective Kissel at the Coney Island Hospital in the morning of June 2, 1961 and is contained in the following quote: “ Are these decks of heroin found in the statue on your dresser, yours? And, he said, Yeah, they’re mine.’ ”
*34 The defendant took the stand as a witness at this hearing (he did not testify at the trial). The defendant stated he had no recollection of any interview with a police officer at the Coney Island Hospital. All he remembers is that he was shot in the back; that he has no recollection of being told of his right to have an attorney or of his right not to make a statement.
No other evidence was offered by the defense at the hearing. However, the record of the trial being in evidence, it indicates that the father of the defendant testified during the trial that he saw his son in Coney Island Hospital on June 2, 1961; that he spoke to him but that his son could not answer him. During the trial the heroin was received in evidence; there was no objection made to the receipt of this exhibit and no question was raised as to the voluntariness of the alleged confession other than in a veiled and subtle manner. There was no proof adduced on the trial itself as to the medical physical condition of the defendant. However, the court submitted the question of the voluntariness of the confession to the jury. In addition to charging the jury as to the requirements as to the admissibility of the confession as indicated in section 395 of the Code of Criminal Procedure, the court charged as follows: “ In this
case the defense offered proof which indicated that they contended that the defendant was incapable of making a decision whereby he confessed to the ownership of the narcotic drug. That question is for you to determine and on that basis I-will read you the law that applies to admission of this kind, it is for you to determine whether it was a voluntary or involuntary statement. There isn’t any claim that there was duress or force used, but as I understand the evidence, and I charge you that the contention on the part of the defense is that the defendant was not in that physical or mental state of mind that the confession could be considered a voluntary one; that he was not coherent. They went further, they said he could not be spoken to at all; that is testimony on the part of the defense. Those questions are for you to determine under the law that I will explain and define to you and I will clarify the situation further.” The court further stated in relation to his charge on confessions: “ If it had been obtained under circumstances violating the constitutional rights of this defendant, then it becomes involuntary and you must disregard it. Again, I state that I leave that question solely for you to determine. As you, gentlemen, are the exclusive judges of the facts. An involuntary confession because it is not the product of free choice of the mind and not trustworthy is proof of nothing.”
*35 The issues presented on the so-called “Jackson v. Denno-Huntley hearing” may be narrowed to two questions. (1) (a) failure to warn the defendant of his right to remain silent; (b) failure to advise the defendant of his right to aid of counsel (Fifth and Sixth Arndts, of U. S. Const., and N. Y. Const., art. I, § 6); (2) was the physical and mental condition of the defendant at the time he made the alleged confession so impaired that he was unable to resist interrogation or to comprehend what he was saying at this critical stage.
Disposing of the first question, the court observes there are presently many conflicting views which may soon be clarified by determination of the cases now pending in the Supreme Court. However, there is no obligatory requirement by the laws of the State of New York to warn an accused of his right to counsel and the privilege to refrain from making a statement after his arrest. (People v. Randazzio, supra; People v. Gunnar, 15 N Y 2d 226.) In retrospect, the court believes that had the second question been submitted as an issue during the trial and proof offered in support thereof, that issue might have very well raised a substantial meritorious problem that could have been determined on a voir dire in the absence of the jury. As a result of the new procedure on the issue as to voluntary confession prescribed and adopted by the Court of Appeals it now becomes clear that any apparent injustice and violation of the defendant’s constitutional rights can be corrected upon an independent hearing if such ruling is warranted by the evidence submitted at the independent hearing.
The People have the burden of establishing beyond a reasonable doubt that the confession imputed to the defendant was a voluntary one. Does the proof in this case, when the defendant was questioned by the police officer on June 2, 1961 in the Coney Island Hospital, indicate that his physical and mental condition was such that he was able to comprehend what was taking place; does it establish that he was in such a physical and mental state of mind that he was able to resist his questioner ? Do the proof and the attending circumstances establish that the statement was beyond a reasonable doubt, freely and voluntarily made, by the defendant? In Townsend v. Sain (372 U. S. 293, 307) the Supreme Court said: “If an individual’s 1 will was overborne ’ or if his confession was not ‘ the product of a rational intellect and a free will,’ his confession is inadmissible because coerced.” A confession or admission is excluded when it is made in violation of constitutional and statutory safeguards (U. S. Const., 14th Amdt.; *36 N. Y. Const., art. I, § 6; Code Crim. Pro., § 395; Leyra v. Denno, 347 U. S. 556, 558).
The court having given due consideration and deliberation to the testimony adduced at the hearing and the exhibits received therein makes the following findings of fact:
1. That on June 1, 1961 the defendant was suffering from gunshot wounds in the vital organs of the body which necessitated a four-hour operation in the Coney Island Hospital performed by a team of four doctors;
2. The court further finds that the defendant was given substantial preoperative and postoperative treatment on June 1 and June 2, 1961;
3. The court further finds that the defendant was in a critical condition on the above-mentioned date;
4. The court further finds that the proof warrants the conclusion that the defendant during the period that the defendant is imputed to have made the inculpatory statement was at that time in a serious mental and physical condition which impaired his ability and power to resist interrogation.
The court concludes that the statement or confession alleged to have been made to the police officer in the Coney Island Hospital on June 2, 1961 was not freely and voluntarily made by the defendant. It is the conclusion of the court that the People have failed to sustain the burden of establishing beyond a reasonable doubt that it was a voluntary confession.
Therefore, the court rules as a matter of law that the purported confession is inadmissible.
Submit order in conformance with the above opinion amending the judgment of conviction to show the subsequent conduct of the hearing and the finding of involuntariness; that it is further directed that the matter as so amended be returned to the Court of Appeals for further proceedings as may be required therein.