Argued October 21, reversed and remanded for a new trial
December 8, 1975, reconsideration denied January 14,
petition for review allowed February 18, 1976.

STATE OF OREGON, *Respondent, v.* DANIEL
J. McNAMARA (No. 74 6320), (CA 4882),
*Appellant.*
543 P2d 14

476

*Howard R. Lonergan,* Portland, argued the cause and filed the brief for appellant.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Defendant, the manager of an adult bookstore in Eugene, was indicted in a single-count indictment of the crime of selling four allegedly pornographic magazines.[1] Oregon Laws 1973, ch 699. Following a jury trial defendant was convicted as charged. He appeals citing four alleged errors of the trial court. Two of these concern the constitutionality of Oregon Laws 1973, ch 699, under both the United States and Oregon Constitutions. These precise contentions were considered and rejected by this court in *Film Follies, Inc. v. Haas,* 22 Or App 365, 369, 539 P2d 669, 671, Sup Ct *review denied* (1975), and *State v. Liles,* 22 Or App 132, 537 P2d 1182, Sup Ct *review denied* (1975).

Defendant's two remaining assignments are that the trial court erred in (1) refusing to allow defendant to exhibit to the jury a motion picture called "Deep Throat" and (2) instructing the jury in such a manner as to allow the jury to find the defendant guilty if it found only one of the magazines to be obscene.

██ Regarding defendant's first assignment, the record shows that defendant failed to comply with the requirements of the statutes governing pretrial discovery, ORS 135.805 to 135.873. Defendant's attorney first notified the prosecution on the morning of trial that he might offer the film, but it was not until only 15 minutes prior to the afternoon session that defense counsel advised the prosecutor that he would attempt to show the film. At trial the prosecutor objected to the film's admission on this ground and the trial judge sustained the objection.

---

[1] The subject magazines bore the following titles: "One Plus One"; "Make All Deliveries in the Rear"; "An Illustrated Study of Group Sex"; and "Woman's World." Each publication features various articles and pictures explicitly depicting acts of sexual foreplay, intercourse, and sexual perversion actual and/or simulated between two or more nude persons of the same sex as well as of the opposite sex.

In *State v. Wolfe,* 21 Or App 717, 720, 536 P2d 555, Sup Ct *review allowed* (1975), the court stated the applicable rule as follows:

"It is within the discretion of the trial judge to suppress evidence if the pretrial discovery statutes are not followed. ORS 135.865. Without a showing of abuse of the court's discretion, we cannot say that the court should have chosen one alternative available in ORS 135.865 over another. There is no evidence of abuse of the trial court's discretion in the present case * * *."

As in *Wolfe,* we are satisfied that the trial judge did not abuse his discretion here.

■ Lastly defendant challenges the instruction that

"* * * in order to prove its case it is not necessary for the State to prove that all four magazines are obscene. Under the definition that I've given you it would be sufficient for that particular element of the charge if you find that they've proved beyond a reasonable doubt that any one of the magazines is obscene."

Defendant contends that the above instruction was erroneous because the return of a guilty verdict after this instruction would not indicate which of the four magazines the jury found to be obscene. Thus, defendant argues, the possibility exists that the jury convicted him for disseminating a magazine which was not obscene.

■ The state insists that the challenged instruction is perfectly proper under the familiar and accepted rule pertaining to single-count indictments charging multiple criminal acts committed simultaneously, and are thus treated as a single crime. The state cites *State v. Libbey,* 224 Or 431, 356 P2d 161 (1960), as authority for its position. We would agree that this is doubtless the general rule. However it

is our conclusion that because of the unique First Amendment ramifications of the crime charged here a different rule is required. For the reasons which follow defendant's final assignment of error must be sustained.

■ It is of course axiomatic that a criminal defendant cannot be convicted for engaging in constitutionally protected speech or activity. As we have already stated, the indictment here charged in one count the dissemination of all four magazines. A general verdict of guilty to a one-count indictment charging defendant with multiple sales of obscene magazines could produce this impermissible result where the jury is instructed that it can find the defendant guilty if it finds that he committed only one of the charged acts.

The United States Supreme Court has discussed this problem of a single-count indictment where First Amendment rights are involved. *Street v. New York,* 394 US 576, 89 S Ct 1354, 22 L Ed 2d 572 (1969); *Eaton v. City of Tulsa,* 415 US 697, 94 S Ct 1228, 39 L Ed 2d 693 (1974).

In *Street,* the defendant was charged in a single-count indictment with publicly casting contempt upon an American flag by setting it afire and by shouting, " 'We don't need an American flag.' " In reversing the conviction on the ground that the single-count indictment presented the possibility that the defendant was convicted for protected speech, the court stated:

"* * * [W]hen a single-count indictment or information charges the commission of a crime by virtue of the defendant's having done both a constitutionally protected act and one which may be unprotected, and a guilty verdict ensues without elucidation, there is an unacceptable danger that the trier of fact will have regarded the two acts as 'intertwined' and have rested the conviction on both together. [Citation omitted.] There is no com-

parable hazard when the indictment or information is in several counts and the conviction is explicitly declared to rest on findings of guilt on certain of those counts, for in such instances there is positive evidence that the trier of facts considered each count on its own merits and separately from the others." 394 US at 588.

■ We see at least two methods by which a defendant's rights can be protected in cases charging several allegedly criminal acts, some or all of which have constitutional ramifications. First, each act, in this case the sale of each magazine, could be set out in a separate count in the indictment. The jury would then return a finding as to each act. A court on appeal would be able to effectively review the conviction to be sure that the defendant was not convicted for protected speech or activities, in this case the sale of nonobscene magazines.

A second method is that suggested by defendant: instructing the jury that it may convict only if it finds that the defendant committed all the illegal acts; in this case this would include finding that all the magazines are obscene. Here again an appellate court would be able to effectively review the conviction and would reverse if any of the charged acts were not illegal, in this case if any of the magazines were not obscene.

■ In the case at bar the state chose to lump all four acts of dissemination in one count in the indictment. This is the state's prerogative; to do so is permissible, *State v. Libbey,* supra, since all four sales arguably would constitute only one crime. *State v. Welch,* 264 Or 388, 505 P2d 910 (1973). However, by choosing to proceed with a one-count indictment, rather than by setting out each sale in a separate count, the state precluded the jury from returning a finding as to the obscenity of each magazine. Thus, the

state prevented the jury from returning a finding as to each magazine and precluded the protection of the defendant's constitutional rights.

Defendant argues that where the state has chosen to proceed by a single-count indictment, and thus not ensured the protection of his rights, he is entitled to an instruction permitting the jury to convict only if it finds that all four magazines are obscene.

■ In response to this contention the state argues that there is no chance the defendant was convicted for protected speech or activity because all of the magazines are obscene. We cannot agree. While an appellate court can reverse a conviction by finding that the allegedly obscene magazines are not obscene, an appellate court cannot find material obscene where the jury found otherwise. The trier of fact is the only one who can determine that certain materials are obscene in the first instance.

It is possible that the jury here found one or more of the magazines not to be obscene. We have no way of knowing. For this court to affirm by finding that all four magazines are obscene would create the possibility that we would be finding a magazine obscene which the jury found not to be obscene. This is not permissible.

The trial court erred in instructing the jury as it did.

Reversed and remanded for a new trial.