Argued March 5, reversed with instructions March 25, 1976

STATE OF OREGON, *Petitioner,*

*v.*

DANIEL J. McNAMARA, *Respondent.*

547 P2d 598

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for petitioner. With him on the briefs were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Howard R. Lonergan,* Portland, argued the cause and filed briefs for respondent.

O'CONNELL, C. J.

**O'CONNELL, C. J.**

This is a petition by the state requesting us to review a decision of the Court of Appeals, reversing a judgment of conviction for the crime of selling four allegedly obscene magazines, and remanding the case for a new trial. *State v. McNamara*, 23 Or App 475, 543 P2d 14 (1975).

The indictment under which defendant was convicted read as follows:

"The above named defendant is accused by the Lane County Grand Jury of the crime of

DISSEMINATING OBSCENE MATERIAL

committed as follows:

"The defendant on or about the 17th day of December, 1974, in the county aforesaid, did knowingly and unlawfully with intent to provide to another, have in his possession obscene pictures in the form of magazines entitled 'One Plus One,' Vol 4, No 2; 'Make All Deliveries in the Rear;' 'An Illustrated Study of Group Sex,' Vol 4/No 1, and 'Womans World,' Volume Three Number Three; contrary to statute and against the peace and dignity of the State of Oregon."

The Court of Appeals found error in the following instruction:

"* * * "in order to prove its case it is not necessary for the State to prove that all four magazines are obscene. Under the definition that I've given you it would be sufficient for that particular element of the charge if you find that they've proved beyond a reasonable doubt that any one of the magazines is obscene."

The Court of Appeals recognized that in the ordinary case where a single-count indictment charges multiple criminal acts and are thus treated as a single crime, an instruction such as that given in the present case would be proper.

The court decided, however, "that because of the unique First Amendment ramification of the crime charged here a different rule is required." It was reasoned that under the instruction the jury could

have based their verdict of guilty upon the sale of one of the magazines which might have been protected under the First Amendment and that since the indictment was in one count it is impossible for the reviewing court to determine whether or not this was the basis for the verdict. The Court of Appeals relied upon *Street v. New York,* 394 U S 576, 89 S Ct 1354, 22 L Ed2d 572 (1969) and *Eaton v. City of Tulsa,* 415 U S 697, 94 S Ct 1228, 39 L Ed2d 693 (1974) in support of its reasoning.

In the *Street* case the defendant was charged in a single-count (1) with violating a statute proscribing the burning of the American flag, and (2) with making the statement "We don't need an American flag." Recognizing that the protection of the First Amendment would preclude prosecution for speaking of the flag in a derogatory manner, it was held that the submission of the case to the jury without segregation of the two charges for separate consideration of the jury was error because it was impossible to determine upon which of the two charges the jury had based its verdict and the jury might have found the defendant guilty on the charge which would not sustain the verdict.

*Street* is clearly distinguishable from the present case. In the case before us the trial court had no basis for holding as a matter of law that any of the four magazines was not obscene. It was for the jury to decide which, if any, of the magazines was obscene. The jury was so instructed. If the jury followed the instruction, as we must assume it did, it could not have found defendant guilty unless it also found that defendant disseminated an obscene magazine. Making this assumption, the danger which existed in *Street v. New York* that the defendant might be convicted of an act protected by the First Amendment was not present.

*Eaton v. Tulsa,* 415 U S 697, 94 S Ct 1228, 39 L Ed2d 693 (1974), also relied upon by the Court of Appeals, is not in point, because as in *Street v. New York* the jury could have brought back a verdict of

guilty for an alleged offense which the Court declared as a matter of law did not constitute a crime. As we have explained, that would be impossible in the present case if we assume, as we must, that the jury followed the court's instructions. No different problem is presented simply because the defendant claims the protection of the First Amendment as a defense to one or more of the multiple allegations in the indictment.

It is contended that even where the jury could reasonably find that any one of the magazines was obscene the verdict cannot stand because the jury might conclude that some but not all of the magazines were obscene, in which case the defendant, not knowing which of the magazines was obscene, could not take the risk of selling any of the magazines for fear of prosecution. It is contended that this chilling effect on freedom of expression renders the verdict vulnerable to attack on constitutional grounds.

■ This constitutional objection could be obviated by charging in separate counts the dissemination of each of the books alleged to be obscene, thus requiring the jury to return a verdict on each of the counts. Where First Amendment interests are involved defendant should be entitled to demand such a separation of the charges. It could be said, of course, that where the defendant does not move for a severance of the charges, the public might be harmed as a result of the withdrawal of nonobscene books from the market. However, this is a matter which is for legislative consideration and does not rest upon constitutional grounds.

The judgment of the Court of Appeals is reversed with instructions to reinstate the judgment of conviction.