Argued September 16, affirmed September 30, 1974,
petition for review pending

STATE OF OREGON, *Respondent, v.* JAMES
STEVEN CULLOP (No. 74 300-C-2), *Appellant.*
526 P2d 1048

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

This is an appeal from conviction, upon trial by jury, of robbery in the first degree involving the use of a pistol. ORS 164.415(1)(a).[1] The relevant facts

---

[1]
"(1) A person commits the crime of robbery in the first degree if he violates ORS 164.395 and he:

"(a) Is armed with a deadly weapon; or

are set forth in the discussion of the defendant's assignments of error.

■ Defendant first contends that the court permitted the introduction of inadmissible hearsay. This arose in connection with the testimony of a Mrs. Silva who told the jury that she had engaged in a conversation with the defendant and his co-indictee, Eugene Thomas. She testified that the two told her numerous details about the robbery, but that she could not recall which statements were made by the defendant and which statements made by Thomas. The clear import of her testimony is that this was a three-way conversation in which both men were giving details and neither disputed directly or indirectly the statements of the other.

ORS 41.900 provides:

"Evidence may be given of the following facts:

"\* \* \* \* \* \*

"(2) The declaration, act, or omission of a party as evidence against such party.

"(3) A declaration or act of another, in the presence and within the observation of a party, and his conduct in relation thereto.

"\* \* \* \* \* \*."

*See also, State v. O'Brien,* 6 Or App 34, 485 P2d 434, 486 P2d 592 (1971), *aff'd* 262 Or 30, 496 P2d 191 (1972). It follows that Mrs. Silva's testimony was properly admitted.

---

"(b) Uses or attempts to use a dangerous weapon; or

"(c) Causes or attempts to cause serious physical injury to any person.

"(2) Robbery in the first degree is a Class A felony." ORS 164.415.

■■ Defendant next contends that it was error to take his fingerprints in the course of trial and to put them into evidence for the purpose of identifying defendant as having left the fingerprints found at the scene of the crime. Defendant was first arrested under an arrest warrant which was later declared defective. All of the evidence obtained as a result of this arrest, including the fingerprints taken at the time of arrest, was suppressed. Subsequently, a grand jury indictment was obtained, and it is under this indictment that defendant went to trial. The record indicates that fingerprints were not a basis of the indictment. While it is true that evidence obtained as the result of an illegal arrest cannot be used, this does not mean that because fingerprints were obtained illegally once, they can never be used at all, even if later obtained legally. *Bynum v. United States*, 262 F2d 465 (DC Cir 1959). The case at bar and *Bynum* must be distinguished from *Davis v. Mississippi*, 394 US 721, 89 S Ct 1394, 22 L Ed 2d 676 (1969). In *Davis* the illegally taken fingerprints were a vital element in the case against defendant. Here they were not. *Wong Sun v. United States*, 371 US 471, 83 S Ct 407, 9 L Ed 2d 441 (1963), states the test of admissibility as:

> " * * * Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' * * *." 371 US at 488.

Defendant's argument that once a person is legally in custody a search warrant is required to take his fingerprints is without merit. *United States v. Dionisio*, 410 US 1, 93 S Ct 764, 35 L Ed 2d 67 (1973) ; *United States*

*v. Iacullo,* 226 F2d 788 (7th Cir 1955), *cert denied* 350 US 966 (1956).

■ Defendant argues that the court erroneously instructed the jury in telling the jury that in order to find the defendant guilty of first degree robbery, it had to find that the defendant was armed with a deadly weapon and used that weapon in the course of the robbery. Defendant correctly points out that under ORS 164.415 the requirement of first degree robbery is that the one committing it (a) is armed with a *deadly* weapon, *or* (b) uses or attempts to use a *dangerous* weapon. It follows that the instruction was more generous to the defendant than it need have been.

> "The rule seems well settled in Oregon, however, that where the error of the court favors the defendant, he does not have cause to complain on appeal. [Citations omitted.]" *State v. Libbey,* 224 Or 431, 356 P2d 161 (1960), *cert denied* 365 US 882 (1961).

■ Defendant concedes that there was evidence that he was in possession of a deadly weapon, but argues that there was no evidence that he used or attempted to use it. There is evidence that a gun was pointed at the victim.

■ The remaining assignment of error concerns the court's failure to give an instruction on the lesser included offense of third degree robbery. ORS 164.395.[2]

---

[2] "(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft he uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to his taking of the property or to his retention thereof immediately after the taking; or

"(b) Compelling the owner of such property or another

Suffice it to say that prior to the submission of the case to the jury the defendant withdrew his request for such an instruction.

Affirmed.

person to deliver the property or to engage in other conduct which might aid in the commission of the theft.

"(2) Robbery in the third degree is a Class C felony." ORS 164.395.