Submitted on record and briefs December 21, 2006, affirmed April 18, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHESTER P. BROWN,
*Defendant-Appellant.*

Coos County Circuit Court
03CR0157; A124830

157 P3d 301

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and David C. Degner, Deputy Public Defender, filed the opening brief for appellant. Chester P. Brown filed the supplemental brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Steven R. Powers, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge,* and Wollheim, Judge.

EDMONDS, P. J.

---

* Brewer, C. J., *vice* Richardson, S. J.

## EDMONDS, P. J.

Defendant appeals a conviction for rape in the first degree, ORS 163.375, challenging the denial of his motion to suppress DNA evidence. The rape was committed in 1998 by, at that time, an unknown assailant. In 2001, pursuant to ORS 137.076, defendant was required to provide a buccal sample following his convictions for felonies. In 2002, the Oregon State Police crime laboratory compared the DNA that had been seized from the rape scene with the sample given by defendant in 2001 and determined that the samples matched. That discovery led to the issuance of a search warrant and the seizure of additional DNA from defendant. That evidence was admitted at trial. Defendant argues that the compelled taking of his DNA in 2001 pursuant to ORS 137.076 violates Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution.[1]

■ In *State ex rel Juv. Dept. v. Orozco*, 129 Or App 148, 878 P2d 432 (1994), *rev den*, 326 Or 58 (1997), we held under a prior version of the statute that the minimal intrusion involved in the taking of a blood sample for the purposes of compiling a database did not rise to the level of an unreasonable search under either constitutional provision. Subsequently, we have adhered to that reasoning and have rejected similar challenges under the statute. *See, e.g., State v. Sanders*, 202 Or App 672, 126 P3d 1260 (2005), *rev allowed*, 340 Or 359 (2006); *State v. Stickney*, 195 Or App 155, 97 P3d 1205 (2004), *rev den*, 338 Or 17 (2005); *State ex rel Juv. Dept. v. Mitchell*, 130 Or App 134, 880 P2d 958 (1994), *aff'd by an equally divided court*, 325 Or 479, 940 P2d 518 (1997).

Defendant argues, however, that the version of ORS 137.076 enacted in 2001 is unconstitutional because, unlike under former versions of the statute, all convicted felons and some misdemeanants are required under the statute to furnish samples of their DNA. However, defendant's argument

---

[1] The state argues that defendant may not, in this criminal proceeding, collaterally attack the taking of his DNA sample in 2001. For purposes of this opinion, we assume without deciding that defendant may raise such a challenge in this proceeding.

that the current breadth of the statute is what renders it unconstitutional does not engage with the reasoning in our prior cases in which we focused on the intrusiveness or lack thereof of the procedure in question. For instance, in *Orozco*, a majority of this court reasoned in part that the collection of blood samples for database purposes is akin to other forms of routine seizures that have been deemed by courts not to constitute unreasonable seizures for purposes of the constitutions, such as the routine fingerprinting of an arrested person. 129 Or App at 151-52; *see also State v. Cullop*, 19 Or App 129, 526 P2d 1048 (1974) (holding that a search warrant is unnecessary to lawfully seize fingerprints from a person in custody). As the concurring opinion in *Orozco* explained further, regarding the challenged statute in that case,

> "Second, the reasons for and consequences of a [seizure of blood for database purposes] comport with long-accepted, traditional goals of our criminal justice system, namely, to deter future criminal conduct and to apprehend those who violate criminal laws, by allowing compilation of data that will help identify individuals who have left evidence of their identity at the scene of a crime."

129 Or App at 155-56 (Rossman J., concurring).[2]

Here, the procedure involved consisted of the use of a swab to take a DNA sample from the mucous membrane of defendant's cheek, a procedure that appears to be no more invasive than the taking of his fingerprints, except that the person must open his or her mouth for the procedure to be performed. Indeed, such a procedure is less invasive than the drawing of a blood sample from a person, which requires the puncturing of the skin. Consequently, we conclude that the reasoning in *Orozco* remains apt. Because the procedure that occurred in this case is akin to the fingerprinting of a person in custody, we conclude that the seizure of defendant's DNA did not constitute an unreasonable seizure under either constitution.

---

[2] The dissent in *Orozco* disagreed. It posited that, for constitutional purposes, there should be a distinction between the fingerprinting and the extraction of blood samples for database purposes from a person in custody. According to the dissent, "Blood extraction is different. By its very nature, blood extraction involves the puncturing of skin and the drawing out of bodily fluids that would otherwise be hidden from public scrutiny." 129 Or App at 163 (Haselton J., dissenting).

■      Defendant has also filed a *pro se* supplemental brief in which he challenges the imposition of a Measure 11 (ORS 137.700) mandatory minimum sentence. He concedes, however, that he did not raise any objection in the trial court on the grounds that he now asserts. Even if the imposition of a Measure 11 mandatory minimum sentence would otherwise qualify as plain error, we would decline to exercise our discretion under ORAP 5.45 to review it as error apparent on the face of the record. Defendant also challenges the compulsory extraction of his DNA, a challenge that we have addressed above.

Affirmed.