Harold G. CHILDS, Petitioner,

v.

STATE OF OREGON and James C. Holzman, Director of Department of Public Safety of Multnomah County, Albert B. Green, Director, Department of Judicial Administration of Multnomah County, and George Van Hoomissen, District Attorney of Multnomah County, Oregon, Respondents.

Civ. No. 69–204.

United States District Court
D. Oregon.

June 23, 1969.

Paul R. Meyer, Kobin & Meyer, Portland, Or., for petitioner.

George Van Hoomissen, Dist. Atty., Multnomah County, Oregon, Jacob B. Tanzer, Assistant Chief Deputy Dist. Atty., Portland, Or., for respondents.

## OPINION

SOLOMON, Chief Judge:

Harold G. Childs was convicted of disseminating obscene material after he sold a Portland police officer a copy of a book called "Lesbian Roommate" at his cigar store. He was sentenced to a 90-day jail term and a $500 fine. The jail term was suspended and Childs was placed on probation for five years. He exhausted his State remedies, and seeks habeas corpus relief in this Court. State v. Childs, 447 P.2d 304 (Or.1968). Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). 28 U.S.C. §§ 2241 et seq.

"Lesbian Roommate" is about Jill Reynolds, a beautiful, young girl who comes to New York from Michigan and applies for a job with Max Stanley, a commercial photographer. Unknown to Jill, her rich roommate, Betty Wilson, is a lesbian. The story revolves around Jill's relationship with Betty and with Paul Saxon, a handsome, frustrated writer whom Jill meets while celebrating her new job. Jill has sexual experiences with both Betty and Paul. In the end, she decides that she is firmly heterosexual and she and Paul decide to get married. According to the experts who testified, Max Stanley solves his problem when he is finally able to engage, without guilt, in oral-genital relations with his wife. Several other female characters appear and disappear. At one point, there is a sexual episode between Paul Saxon and four women.

 A book is obscene if "(a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value."

A Book Named "John Clelland's Memoirs of a Woman of Pleasure" v. Attorney General of Commonwealth of Massachusetts, 383 U.S. 413, 418–419, 86 S.Ct. 975, 977, 16 L.Ed.2d 1 (1966). These three elements must "coalesce." 383 U.S. at 418, 86 S.Ct. 975. In a close case, evidence of pandering might "resolve all ambiguity and doubt" in favor of a finding of obscenity. Ginzburg v. United States, 383 U.S. 463, 470, 86 S.Ct. 969, 16 L.Ed.2d 31 (1965). A Book Named "John Clelland's Memoirs of a Woman of Pleasure" v. Attorney General of Commonwealth of Massachusetts, supra, 383 U.S. at 420, 86 S.Ct. 975.

 The Oregon Supreme Court held that the book's "obvious purpose * * * is to stimulate the reader sexually." 447 P.2d at 306. "The entire book," the Court said, "is for the purpose of inciting lascivious thoughts and arousing lustful desires." 447 P.2d at 307. This does not satisfy the requirement of appeal to prurient interest. A "prurient interest" is a "shameful or morbid interest in nudity, sex, or excretion." Roth v. United States, 354 U.S. 476, 487, n.20, 77 S.Ct. 1304, 1310, 1 L. Ed.2d 1498 (1957). The episodes in "Lesbian Roommate" do not appeal to those interests.

 The State Supreme Court also found the book patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters. Specifically, the Court relied on a "homosexual act between two women where one is having osculatory relations with the private parts of the other and is 'greedily' making 'syrupy noises.'" 447 P.2d at 307.

"Lesbian Roommate" uses no four-letter Anglo-Saxon words, with the infre-

quent exceptions of "hell" and "damn." The book does not dwell on particular aspects of love-making. Its sexual episodes are relevant to the plot and are described in broad and general language. Detail depends on the reader's imagination and inferences he is able to draw. The descriptions and adventures in "Lesbian Roommate" are constitutionally indistinguishable from those in "Lust Pool" and "Shame Agent," both of which have been found not obscene by the Supreme Court. Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967). The episodes in "Candy" and "Memoirs of a Woman of Pleasure" (Fanny Hill) are described with greater frankness and less circumlocution. Both books have been held not obscene. A Book Named "John Clelland's Memoirs of a Women of Pleasure" v. Attorney General of Commonwealth of Massachusetts, *supra*. Commonwealth v. Dell Publications, Inc., 427 Pa. 189, 233 A.2d 840 (1967). The genre of which "Lesbian Roommate" is a part fulfills for the uneducated reader—with its simple plot and periodic sexual episodes—the same function that many popular novels fill for their readers.

The cover of "Lesbian Roommate" shows semi-nude drawings of two women with the quote:

"They slashed each other with the savagery of perverted desires.

" 'Beat me!' she cried."

The quote has no connection with the book itself and is obviously intended to increase sales. Nevertheless, this is not evidence of the type of pandering present in Ginzburg v. United States, *supra*. Furthermore, this is not a close case where pandering might resolve ambiguities and doubts. "Lesbian Roommate" does not appeal to prurient interests, nor does it go beyond contemporary community standards.

Finally, there is no evidence that the book's cover resulted in "an assault upon individual privacy * * * in a manner so obtrusive as to make it impossible for an unwilling individual to avoid exposure to it." Redrup v. New York, *supra*, 386 U.S. at 769, 87 S.Ct. at 1415.

I find that Childs' probation places him in custody in violation of the Constitution of the United States, and he is ordered released.*

This opinion shall constitute findings of fact and conclusions of law under Rule 52(a), Federal Rules of Civil Procedure.

* Since I find the book not obscene I do not consider Petitioner's numerous other contentions.