Argued July 22, affirmed August 25, reconsideration denied October 8, petition for review denied November 12, 1975

FILM FOLLIES, INC., *Appellant, v.*
HAAS ET AL (No. 410-057), *Respondents.*

539 P2d 669

*J. Bradford Shiley,* Portland, argued the cause and filed the brief for appellant.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondents. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

In a suit for declaratory relief plaintiff contended that Oregon Laws 1973, ch 699 (hereafter Chapter 699), ORS 167.060(10), and ORS 167.085 violate the First and Fifth Amendments to the United States Constitution, as applied to the states through the Fourteenth Amendment, as well as Art I, § 8 and Art IV, § 20 of the Oregon Constitution. Plaintiff asked that defendants be enjoined from enforcing the statutes. The circuit court declared the statutes constitutional and dismissed the complaint. Plaintiff appeals. ORS 28.070.

■■ Plaintiff first asserts that Chapter 699① and

① Oregon Laws 1973, ch 699 [so cited because it has not yet been compiled in Oregon Revised Statutes], provides:

"**Section 1.** Sections 2 to 4 of this Act are added to and made a part of ORS 167.060 to 167.095.

"**Section 2.** As used in this 1973 Act unless the context requires otherwise:

"(1) 'Live public show' means a public show in which human beings, animals, or both appear bodily before spectators or customers.

"(2) 'Public show' means any entertainment or exhibition advertised or in some other fashion held out to be accessible to the public or member of a club, whether or not an admission or other charge is levied or collected and whether or not minors are admitted or excluded.

"**Section 3.** (1) It is unlawful for any person to knowingly engage in sadomasochistic abuse or sexual conduct in a live public show.

"(2) Violation of subsection (1) of this section is a Class A misdemeanor.

"(3) It is unlawful for any person to knowingly direct, manage, finance or present a live public show in which the participants engage in sadomasochistic abuse or sexual conduct.

"(4) Violation of subsection (3) of this section is a Class C felony.

"**Section 4.** (1) A person commits the crime of disseminating obscene material if he knowingly makes, exhibits, sells, delivers or provides, or offers or agrees to make, exhibit, sell, deliver or provide, or has in his possession with intent to exhibit, sell, deliver or provide any obscene writing, picture, motion picture, films, slides, drawings or other visual reproduction.

"(2) As used in subsection (1) of this section, matter is obscene if:

"(a) It depicts or describes in a patently offensive manner sadomasochistic abuse or sexual conduct;

"(b) The average person applying contemporary state standards would find the work, taken as a whole, appeals to the prurient interest in sex; and

"(c) Taken as a whole, it lacks serious literary, artistic, political or scientific value.

"(3) In any prosecution for a violation of this section, it shall be relevant on the issue of knowledge to prove the advertising, publicity, promotion, method of handling or la-

the related definition contained in ORS 167.060(10)②

beling of the matter, including any statement on the cover or back of any book or magazine.

"(4) No employe is liable to prosecution under this section or under any city or home-rule county ordinance for exhibiting or possessing with intent to exhibit any obscene motion picture provided the employe is acting within the scope of his regular employment at a showing open to the public.

"(5) As used in this section, 'employe' means an employe as defined in subsection (3) of ORS 167.075.

"(6) Disseminating obscene material is a Class A misdemeanor.

"Section 5. ORS 167.002 is amended to read:

"167.002. As used in ORS 167.002 to 167.027, unless the context requires otherwise:

"(1) 'Place of prostitution' means any place where prostitution is practiced.

"(2) 'Prostitute' means a male or female person who engages in sexual conduct **or sexual contact** for a fee.

"(3) 'Prostitution enterprise' means an arrangement whereby two or more prostitutes are organized to conduct prostitution activities.

"(4) 'Sexual conduct' means sexual intercourse or deviate sexual intercourse.

"(5) **'Sexual contact' means any touching of the sexual organs or other intimate parts of a person not married to the actor for the purpose of arousing or gratifying the sexual desire of either party.**

"Section 6. ORS 167.007 is amended to read:

"167.007. (1) A person commits the crime of prostitution if:

"(a) He engages in or offers or agrees to engage in sexual conduct **or sexual contact** in return for a fee [.] ; **or**

"(b) **He pays or offers or agrees to pay a fee to engage in sexual conduct or sexual contact.**

"(2) Prostitution is a Class A misdemeanor." (Brackets in original.)

② ORS 167.060(10) provides:

"'Sexual conduct' means human masturbation, sexual intercourse, or any touching of the genitals, pubic areas or buttocks of the human male or female, or the breasts of the female, whether alone or between members of the same or opposite sex or between humans and animals in an act of apparent sexual stimulation or gratification."

are vague and overbroad and thus violate the First and Fourteenth Amendments to the United States Constitution.[9] Plaintiff also asserts that Oregon Laws 1973, ch 699, violates the "log-rolling" prohibitions of Art IV, § 20 of the Oregon Constitution. We have recently ruled to the contrary in both respects. *State v. Liles,* 22 Or App 132, 537 P2d 1182, Sup Ct *review denied* (1975).

■ Two issues not raised in *State v. Liles,* supra, remain. Plaintiff contends that ORS 167.085(3) violates the First and Fourteenth Amendments in that it places upon the defendant in an obscenity case the burden of proving the material in question has serious value and therefore is not obscene.

ORS 167.085 provides, in pertinent part:

"In any prosecution under ORS 167.065 to 167.080, it is an affirmative defense for the defendant to prove:

"* * * * *

"(3)   That the defendant was charged with the sale, showing, exhibition or display of an item, those portions of which might otherwise be contraband forming merely an incidental part of an otherwise nonoffending whole, and serving some legitimate purpose therein other than titillation."

In *State v. Watson,* 243 Or 454, 414 P2d 337 (1966), the Oregon Supreme Court considered a similar provision in ORS 167.151(3) (*repealed,* Oregon Laws 1971, ch 743, § 432) which provided in reference to sections prohibiting the dissemination of obscenity:

"In any prosecution for an offense under this section, evidence shall be admissible, as relevant

---

[9] Although plaintiff contends that Chapter 699 is overbroad and thus violates the Due Process Clause of the Fifth Amendment, we assume, since this case is based on state action, that the intended reference is to the Due Process Clause of the Fourteenth Amendment.

to a determination of whether or not the predominant theme of the matter appeals to prurient interest, to show artistic, literary, scientific or educational merit of the matter."

The Supreme Court noted in a footnote that this provision read "as if the presence of literary merit is an affirmative defense" but the court stated that the burden "rests upon the state to prove all the necessary elements of obscenity." 243 Or at 456.[4] In light of our "duty to give an act a constitutional construction if it can be done without wrenching the meaning of words," *State v. Jackson,* 224 Or 337, 345, 356 P2d 495 (1960), we place a similar interpretation on ORS 167.085(3). Section 4(2) of Chapter 699 describes the elements of obscenity, which the state must prove beyond a reasonable doubt. Even if ORS 167.085(3) does apply to Chapter 699,[5] the state still has the burden of proving beyond a reasonable doubt that the material is obscene.

■ The remaining issue is whether Art I, § 8 of the Oregon Constitution provides broader protection in speech-related areas than the First Amendment to the United States Constitution. Article I, § 8 provides:

"No law shall be passed restraining the free

[4] This position was reiterated in State v. Childs, 252 Or 91, 102, 447 P2d 304 (1968), *cert denied* 394 US 931 (1969). *See also,* n 6, infra.

[5] The obscenity statutes in general are included in ORS 167.060 to 167.095 and Chapter 699 provides that its obscenity provisions are "added to and made a part of ORS 167.060 to 167.095." However, ORS 167.085 relates only to prosecutions under ORS 167.065 to 167.080, all of which, prior to the addition of Chapter 699, dealt only with the furnishing of obscenity to minors; ORS 167.085 is probably limited to such prosecutions. Plaintiffs raised the issue of the constitutionality of ORS 167.085(3) in a separate paragraph of their complaint and had standing but failed to raise the issue whether or not it is limited to furnishing obscenity to minors. We therefore do not need to decide whether it is so limited.

expression of opinion, or restricting the right to speak, write, or print freely on ony subject whatever; but every person shall be responsible for the abuse of this right."

In its most recent decision on the subject, *State v. Childs,*[6] the Oregon Supreme Court said:

"We realize that we could construe the freedom of expression provision of the Oregon Constitution, Art. I, § 8, as providing greater freedom of expression than that of the First Amendment to the United States Constitution. We do not believe there is any legal basis for such a construction." 252 Or at 99.[7]

■ We have already determined that Chapter 699 does not violate the First Amendment to the United States Constitution. *State v. Liles,* supra. In light of the court's statement in *Childs,* it follows that Chapter 699 does not violate Art I, § 8 of the Oregon Constitution.

Affirmed.

---

[6] The conviction in State v. Childs, 252 Or 91, 447 P2d 304 (1968), *cert denied* 394 US 931 (1969), has subsequently been reversed through federal habeas corpus proceedings. Childs v. State of Oregon, 300 F Supp 649, 650 (D Or 1969) (holding matter not obscene), *reversed* 431 F2d 272 (9th Cir 1970) (holding matter to be obscene), *reversed* 401 US 1006 (1971).

[7] We note that the Oregon Supreme Court has since decided that certain Oregon campaign spending statutes violate Art I, §§ 8 and 26, of the Oregon Constitution. Based on this determination, the court found it unnecessary to decide the Federal First Amendment issues. Deras v. Myers, 272 Or 47, 535 P2d 541 (1975). It is not entirely clear whether this represents a willingness to take a more expansive view of Article I, § 8, than the U.S. Supreme Court takes of the First Amendment. In another recent opinion, however, our Supreme Court decided for several reasons, to interpret Art I, § 9 of the Oregon Constitution in the same manner that the United States Supreme Court interprets the Fourth Amendment to the U.S. Constitution. State v. Florance, 270 Or 169, 527 P2d 1202 (1974).