No. 75–1119. FILM FOLLIES, INC. *v.* HAAS, DISTRICT ATTORNEY OF MULTNOMAH COUNTY, ET AL. Appeal from Ct. App. Ore. dismissed for want of substantial federal question.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL concur, dissenting.

Appellant brought this suit in the Circuit Court for Multnomah County, Ore., seeking a declaration that 1973 Ore. Laws, c. 699, § 4, and Ore. Rev. Stat. § 167.060 (10) (1975) violate the First and Fifth Amendments as applied to the States through the Fourteenth Amendment, and asking that enforcement of those statutes be enjoined. The Circuit Court dismissed appellant's complaint, and the Court of Appeals for the State of Oregon affirmed. 22 Ore. App. 365, 539 P. 2d 669 (1975). The Supreme Court of Oregon denied review.

1973 Ore. Laws, c. 699, § 4, provides in pertinent part:

"(1) A person commits the crime of disseminating

obscene material if he knowingly makes, exhibits, sells, delivers or provides, or offers or agrees to make, exhibit, sell, deliver or provide, or has in his possession with intent to exhibit, sell, deliver or provide any obscene writing, picture, motion picture, films, slides, drawings or other visual reproduction.

"(2) As used in subsection (1) of this section, matter is obscene if:

"(a) It depicts or describes in a patently offensive manner sadomasochistic abuse or sexual conduct;

"(b) The average person applying contemporary state standards would find the work, taken as a whole, appeals to the prurient interest in sex; and

"(c) Taken as a whole, it lacks serious literary, artistic, political or scientific value."

Oregon Rev. Stat. § 167.060 (10) (1975) provides:

" 'Sexual conduct' means human masturbation, sexual intercourse, or any touching of the genitals, pubic areas or buttocks of the human male or female, or the breasts of the female, whether alone or between members of the same or opposite sex or between humans and animals in an act of apparent sexual stimulation or gratification."

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, 1973 Ore. Laws, c. 699, § 4, as it incorporates the definition of sexual conduct in Ore. Rev. Stat. § 167.060 (10) (1975), is constitutionally overbroad

and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore note probable jurisdiction and, since the judgment of the Court of Appeals for the State of Oregon was rendered after *Miller,* reverse. In that circumstance, I have no occasion to consider whether the other question presented by appellant merits plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Finally, it does not appear from the jurisdictional statement and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, appellant must be given an opportunity to have its case decided on, and introduce evidence relevant to, the legal standard upon which the state judgment has ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether appellant should be afforded a new hearing under local community standards.